BENJAMIN L. BERMAN, Executor

*vs.*

FRED E. BEAUDRY AND FRANK CHESNEL.

Androscoggin.     Opinion September 10, 1919.

*Wills.   Rule as to right of testator to dispose by Will of proceeds of insurance policies on his life.   Rule as to proceeds from insurance policy being considered personal estate of testator.*

Anaise L. Beaudry died in 1916, childless, testate and solvent.   The complainant, executor of her will, has a sum of money collected from an insurance policy upon her life.   To the defendant, Chesnel, her brother, the testatrix bequeathed the life insurance.   For the defendant, Beaudry, her husband, she made no testamentary provision.

The brother and husband both claim the insurance.   The former under the will, the latter under R. S., Chap. 80, Sec. 14.

*Held that:*

Except for the provision that three years premiums and interest shall be deducted, the right of a solvent testator to dispose by will of life insurance payable to himself is unqualified.

Sec. 21 of Chap. 80, R. S., relating to life insurance is not qualified by Section 14 of the same chapter, because proceeds of life insurance is not "personal estate of such testatrix" within the purview of the statute.

The insurance fund should be paid to Frank Chesnel, the legatee.   But the executor should first deduct from the fund an amount equal to three years premiums with interest and administer the same as a part of the estate.   This is required by the statute.

Failure to provide for this deduction was error.   For this reason the exceptions must be sustained.


•  Bill in Equity asking for the construction of certain provisions of a will.   To the ruling of the single Justice certain exceptions were filed.

Case stated in opinion.

*Benjamin L. Berman,* pro se, complainant, in his capacity as executor of Anaise L. Beaudry.

*Edgar M. Briggs,* for Fred E. Beaudry.
*George S. McCarty,* for Frank Chesnel.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J.    Anaise L. Beaudry died in 1916, childless, testate and solvent.    The complainant, executor of her will, has a sum of money collected from an insurance policy upon her life.    To the defendant, Chesnel, her brother, the testatrix bequeathed the life insurance. For the defendant, Beaudry, her husband, she made no testamentary provision.

The brother and husband both claim the insurance, the former under the will, the latter under R. S., Chap. 80, Sec. 14.

The executor brought a bill in equity in the Probate Court for Androscoggin County, praying for a construction of the will and especially for a determination of the ownership of the insurance fund. The decree of the Judge of Probate was in favor of the husband. The brother appealed.    The single Judge, sitting as the Court of Probate, reversed the decree.    The husband, Beaudry, excepts to this ruling.

Except for the provision that three years premiums and interest shall be deducted, the right of a solvent testator to dispose by will of life insurance payable to himself is unqualified.

"It (money received for life insurance less three years premiums and interest) may be disposed of by will."    R. S., Chap. 80, Sec. 21.

No part of Sec. 21, other than the sentence above quoted, applies in this case, except that the pronoun "it" necessarily looks back to the preceding sentence for its antecedent.    All of the section preceding the above quoted sentence refers to intestate estates.    The estate involved in this case is testate.    All that follows refers to insolvent estates.    Anaise Beaudry's estate is solvent.

But the defendant, Beaudry, contends that the provision of Section 21 "it may be disposed of by will" is qualified by Section 14 of the same chapter.    Section 14, omitting parts here immaterial, without indicating the omitted parts by blanks, or otherwise, is as follows:

"When no provision is made for her widower in the will of a testatrix such widower shall have and receive the same distributive share of the personal estate of such testatrix as is provided by law in intes-

tate estates. Provided such widower shall, within six months after the probate of such will, file in 'the Registry of Probate written notice that he claims such share of the personal estate of such testatrix."

No provision was made in the will of Anaise L. Beaudry for the defendant, Fred E. Beaudry, her husband. He seasonably filed the notice of claim provided for by Section 14. If money received from an insurance policy on the life of the testatrix were "personal estate of such testatrix" within the meaning of the statute, then the defendant, Beaudry, would be, notwithstanding the will, entitled to his distributive share of it under R. S., Chap. 80, Sec. 20. But money so received is not "personal estate of the testatrix" within the purview of the act. This is so determined by Justice Strout's opinion in *Golder* v. *Chandler,* 87 Maine, 69. Judge Strout's definition of the phrase "personal estate of such testatrix" is so completely adequate and the reasoning of the opinion is so convincing that no other authority need be cited. Neither is it necessary to expand this opinion by any extended quotation from it.

The other authorities cited are not in point. *Hathaway* v. *Sherman,* 61 Maine, 466, relates to insolvent estates. *Blouin* v. *Phaneuf,* 81 Maine, 180, holds that insurance can be by will diverted from a widow and children only if such intention be "well declared" in the will. *Hamilton* v. *McQuillan,* 82 Maine, 204, decides that a solvent testator may bequeath insurance money to a person other than his widow. The effect of Section 14 is not involved in the case. *Fogg Appellant,* 105 Maine, 480, does not refer to distribution of insurance money.

When, by Chap. 74 of the Public Laws of 1905, the Legislature amended Chap. 80, Sec. 21 (then Chap. 77, Sec. 19) it did not make a corresponding change in R. S., Chap. 68, Sec. 50. Whatever the reason for or effect of this omission may have been it does not affect our conclusion in this case.

The insurance fund should be paid to Frank Chesnel, the legatee.

But from it should be first deducted three years premiums with interest. This is required by Section 21. The clause requiring this deduction qualifies not the sentence merely but the section in which it is contained. The antecedent of the pronoun "it" beginning the second sentence of Section 21 is "money received for insurance (after) deducting etc." Moreover, the Legislature cannot be presumed to

have intended to discriminate against dependents and in favor of legatees by providing for a deduction from the former and not from the latter.

The single Justice decreed that the entire insurance fund should be paid to the legatee without deduction. We hold that the executor should first deduct from the fund an amount equal to three years premiums with interest and administer the same as a part of the estate. The balance should be paid to Frank Chesnel, the legatee.

The Justice was in error in not providing for the deduction. For this reason the exceptions must be sustained.

> *Exceptions sustained. Decree to be modified in accordance with this opinion.*